```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

YVONNE MATTHEW and JANET WILLIAMS,　　　Case No. 09 Civ. 4649 (WHP)(JCF)

                Plaintiffs,　　　**CONSENT PROTECTIVE ORDER**

   -against-

AHPIA SOLUTIONS, INC., ACADEMIC
HEALTH PROFESSIONAL INSURANCE
ASSOCIATION, STEVEN CAPONE, and
MARTIN KERN,

                Defendants.

------------------------------------------------------------x

     The parties recognize that discovery in this matter may call for the production of material containing confidential and proprietary business, personal or commercially sensitive information in which the producing party has protected property rights. In order to prevent the unwarranted dissemination of confidential or proprietary information IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, that the following provisions shall govern the disclosure of Confidential Information during pretrial discovery herein, AND

     WHEREAS there is good cause appearing for the entry of this Order,

     NOW, THEREFORE, it is STIPULATED, AGREED AND ORDERED:

     1.    Any and all documents produced in this action by any party, or by any third party pursuant to subpoena or authorization, any and all interrogatory answers, any and all deposition testimony, and any other materials or information produced in discovery, beginning October 29, 2009 and continuing after the date of this Consent Protective Order and relating to (a) medical,

mental or psychological treatment or condition; or (b) business information of a party which the party reasonably considers to be confidential; or (c) information of a confidential nature relating to non-parties to this action, including personal, financial or medical information, shall be considered "Confidential--Attorneys' Eyes Only" for the thirty (30) days following the later of: (i) execution of this Order or (ii) the production of such documents or information.

2. Within thirty (30) days of the execution of this Consent Protective Order by the Court, the producing party must designate documents previously produced by it and falling into one of the categories described in paragraph 1 to be permanently treated as either "Confidential Information" or "Confidential--Attorneys' Eyes Only" subject to this Consent Protective Order by sending the other side a letter identifying by bates number, or with regards to interrogatory answers by designation of particular responses, the documents so designated.

3. If counsel for any of the parties wishes to divulge any documents and/or information to clients and/or third parties prior to the expiration of thirty (30) days after the documents are produced or their permanent designation as either "Confidential Information" or "Confidential—Attorneys' Eyes Only", counsel shall meet and confer regarding the status of such documents and counsel may, in writing signed by counsel for the producing party, agree to treat the documents as not "Confidential Information" or not "Confidential—Attorneys Eyes Only."

4. The designation of documents or other information as Confidential for purposes of this Order shall be made in the following manner:

(a) In the case of documents, interrogatory answers and other materials (apart from depositions and other pretrial testimony), by affixing (without obscuring the contents of the document) the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page containing any Confidential Material; and

(b) In the case of depositions in the Action, (i) by a statement on the record by counsel for the designating party or non-party at the time the testimony is given, or (ii) by written notice sent by counsel for the designating party or non-party to all other parties to the Action within thirty (30) days after receiving a copy of the transcript thereof, listing the specific pages and lines of the transcript that should be treated as Confidential. A copy of such written notice shall be attached to the face of the transcript and each copy thereof in the possession, custody or control of the parties and non-parties to the Action.

5    With regard to the documents and information designated "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," such documents and information shall not be disclosed or used for any purpose, except in connection with the conduct of the present litigation; it shall be maintained in a secure place, and it shall be shown to no person other than the following:

    a. Counsel of record in this litigation and staff of counsel;

    b. The Court (and any appellate court), including court personnel, jurors, alternate jurors and court reporters to the extent necessary to allow them to record the court proceedings and depositions in this litigation;

    c. Outside providers of document reproduction, imaging and coding services, to the extent reasonably necessary to prepare this litigation;

    d. Any party to this litigation or their insurance companies' agents or representatives;

    e. Experts, advisors or consultants retained on behalf of any party to assist in

the preparation of this litigation, but only to the extent reasonably necessary for the experts, advisors or consultants to provide such assistance; and

      f.    Non-party witnesses in this litigation.

6.    With regard to the documents and information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," same protections as those of Section 5 above shall apply except that such documents shall only be disclosed to persons listed in Section 5(a) – (c) and 5(e) above, subject to the requirements of this Order as they relate to Confidential Information.

7.    Before Confidential Information may be disclosed to persons listed in paragraph 5(e) and (f), such persons shall be provided with a copy of this Consent Protective Order and advised that they are subject to its terms. Disclosure to them is conditioned upon their prior execution of a copy of the Agreement Restricting Disclosure of Confidential Information in the form attached hereto as Exhibit A. However, while execution of the Agreement is <u>not</u> a precondition to disclosure of Confidential Information in the course of a deposition or trial testimony of a non-party witness in this litigation, execution of the Agreement <u>is</u> required prior to such person being given copies of any Confidential Information or a transcript in which Confidential Information is disclosed.

8.    All writings submitted or to be filed with the Court in connection with any pretrial proceedings which contain, set forth, summarize, or otherwise disclose Confidential Information shall be filed with a motion that they be filed under seal (or returned if the Court will not seal the documents) and an order that such documents shall not be publicly available, except by further order of the Court.

9.    At the conclusion of this litigation, all information produced hereunder and all copies thereof in the possession of any attorney in this action, shall be returned to the producing

party or destroyed.

10. Nothing in this Consent Protective Order shall prevent any party from seeking additional confidentiality protection or relief by application to the Court at a later date.

We hereby consent to the form and entry of this Consent Protective Order.

LAW OFFICE OF JOHN M. LAMBROS

By: _____
John M. Lambros (JL 245)
Attorneys for Plaintiffs
11 Broadway, Suite 715
New York, New York 10004
Phone: (212) 430-6474
Fax:    (212) 208-2933

LAW OFFICES OF MICHAEL A. HASKEL

By: _____
Michael A. Haskel (MH 4680)
Attorneys for Defendants
167 Willis Avenue
Mineola, New York 11501
Phone: (516) 294-0250
Fax: (516) 294-0854 *(not for service)*

SO ORDERED this 11th day of November, 2009.

_____
HON. William H. Pauley III
U.S. District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

YVONNE MATTHEW and JANET WILLIAMS,   Case No. 09 Civ. 4649 (WHP)(JCF)

        Plaintiffs,   **AGREEMENT RESTRICTING**
**DISCLOSURE OF CONFIDENTIAL**
-against-   **INFORMATION**

AHPIA SOLUTIONS, INC., ACADEMIC
HEALTH PROFESSIONAL INSURANCE
ASSOCIATION, STEVEN CAPONE, and
MARTIN KERN,

        Defendants.

-------------------------------------------------------x

The undersigned, _____, hereby acknowledges that he/she has read the Consent Protective Order entered into by the parties in the matter entitled Matthew v. AHPIA Solutions, Inc., Case No. 09-Civ.-4649 (WHP)(JCF); that he/she has read the Discovery Confidentiality Order executed by the parties in this action; that he/she understands the terms thereof; that he/she agrees to be bound by such terms; that he/she agrees to be subject to the personal jurisdiction of the court in which this action is pending, or such other court as may be appropriate, for the purpose of enforcement of the Consent Protective Order.

Date: _____   Signed: _____

                                                        Printed Name: _____